**UNITED STATES ex rel. STRAUBER v. SHAUGHNESSY, District Director, Immigration and Naturalization Service.**

United States District Court
S. D. New York.

Sept. 23, 1952.

Herbert Monte Levy, New York City (Daniel W. West, New York City, of counsel), for petitioner.

Myles J. Lane, New York City, for respondent.

EDELSTEIN, District Judge.

The relator raises the issue of whether the Board of Immigration Appeals erred when it determined that it had no authority to grant him discretionary relief in the form of suspension of deportation. He was ordered deported on two grounds: that his entry was illegal, for he is not and never has been in possession of a valid immigration visa; and that after his entry into the United States, he was a member of the Communist Party. He readily admitted his membership, which occurred in 1936 and continued for a year, but contended that it was solely for the purpose of obtaining employment and the essentials of a living, and he requested discretionary relief on this ground. 8 U.S.C. § 137–9, 8 U.S.C.A. § 137–9. The Board concluded that his was a hardship case, and that he was a worthy person entitled to discretionary relief if it were in the power of the Board to give it to him, but that because of his Communist Party membership, the Board was powerless to afford the relief requested.

Section 155(d) of Title 8 U.S. Code, 8 U.S.C.A. § 155(d), provides that discretionary relief, under the terms of § 155(c), is not available to any alien who is deportable under § 137 of that title. Section 137(2)(C) calls for the exclusion from the United States of aliens who are or ever

have been members of the Communist Party, and § 137–3(a) directs the Attorney General to deport from the United States aliens of the classes listed in § 137(2)(C). But § 137–9 provides, in effect, that "membership" in a totalitarian party or organization under § 137 shall not include membership which was solely "(c) for purposes of obtaining employment, food rations, or other essentials of living, and where necessary for such purposes." Since the Board had found the relator otherwise qualified to apply for discretionary relief under § 155(c), it would seem that if it found that the relator's membership had been merely for the purpose of obtaining employment and the essentials of living, he would not be ineligible to apply for discretionary relief, and the Board would have the authority to exercise its discretion.

A careful reading of the Board's opinion leaves me quite puzzled as to what conclusion, if any it reached on this issue. It comes very close to agreeing with the relator's contention that his membership was of the excepted variety, but in any event, it does not appear that the contention was held to be inadequately established. In the absence of an explicit expression, and in view of the language used, the conclusion is not untenable that the Board did not pass on the issue at all. Consequently, I feel that this case should be remanded to the Board for clarification, particularly in view of the apparently extreme hardship nature of the case.

Accordingly, the writ will be sustained, unless within 90 days the Board properly clarifies the basis of its decision that it lacks power to afford relator discretionary relief.